Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
**PANEL XII**

| AMALIA ROSARIO FIGUEROA<br><br>Apelante<br><br>v.<br><br>JOSÉ E. PABÓN RAMÍREZ<br><br>Apelada | KLAN202500090 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: GR2024CV00185 (SALÓN 705)<br><br>Sobre: INJUNCTION (ENTREDICHO PROVISIONAL) INJUNCTION PRELIMINAR Y PERMANENTE |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de marzo de 2025.

La señora Amalia Rosario Figueroa solicita que revoquemos la sentencia en la que el Tribunal de Primera Instancia desestimó la reclamación de injunction preliminar y permanente presentada por esta. Por su parte, el señor José E. Pabón Ramírez presentó su oposición al recurso.

I

Los hechos procesales pertinentes para atender y resolver este recurso son los siguientes. La señora Amalia Rosario Figueroa, en adelante la apelante o Rosario Figueroa presentó una demanda de injunction preliminar y permanente contra su vecino, señor José E. Pabón Ramírez, en adelante el apelado o Pabón Ramírez, alegando que incumplió con las condiciones restrictivas de la urbanización en la que residen. La señora Rosario Figueroa alegó que (1) eran vecinos colindantes y que sus residencias estaban separadas por una pared medianera, (2) el apelado instaló una reja fija en el área de la pared

Número Identificador

SEN2025 _____

medianera y la ancló a su pared, (3) la instalación de esa reja le impedía darle mantenimiento a la pared medianera y a la exterior de su propiedad, (4) el apelado perforó su pared para colocar tiestos y plantas colgantes, (5) el apelado provocó un problema de humedad, porque riega las plantas constantemente, (6) el apelado tiene una piscina y varios perros en violación a las condiciones restrictivas de la urbanización.[1]

El apelado solicitó la desestimación de la demanda, debido a la falta de parte indispensable. El señor Pabón Ramírez adujo que la demanda debía desestimarse, porque la apelante no emplazó a su esposa.[2]

La parte apelante presentó Demanda Enmendada. El apelado solicitó su desestimación, porque la apelante no justificó la procedencia del injunction. Su representación adujo que las alegaciones de la Demanda Enmendada eran vagas y no probaban la violación de la servidumbre. Por último, argumentó que la controversia era cosa juzgada.

Así las cosas, el Tribunal de Primera Instancia, en adelante TPI o foro primario, desestimó la demanda, porque aun tomando como ciertas las alegaciones de la demanda estas no justificaban la concesión del remedio interdictal. Según el TPI, Rosario Figueroa alegó que Pabón Ramírez instaló una reja fija en la medianería y que esta le impedía darle mantenimiento a la pared, además, de que en el proceso perforó la pared. El foro primario determinó que la apelante no especificó, ni indicó la condición restrictiva que violó el apelado. Igualmente entendió que tampoco especificó, cuando se instaló la verja, la forma en que pretendía darle mantenimiento a la pared, el área en la que tenía derecho a hacerlo y porque no podía hacerlo. Por otro lado, concluyó que la apelante no especificó cuando

---

[1] Véase Demanda, páginas 130 a 133 del apéndice del recurso.
[2] Véase Moción de Desestimación por falta de parte Indispensable, páginas 117 a 120 del apéndice.

el apelado hizo las perforaciones, ni la condición restrictiva que violentó.

En fin, el TPI resolvió que la condición que invocó la apelante únicamente dispone que las rejas exteriores requieren la aprobación del Comité de Control Arquitectónico. Su aprobación está limitada al diseño, color y materiales y nada dispone sobre perforaciones. A la misma conclusión llegó sobre la condición restrictiva en la que se amparó para alegar que el apelado le impedía el acceso para darle mantenimiento a la pared. Según el foro primario sobre la condición restrictiva relacionada al mantenimiento se reconoce el derecho de la compañía o de la asociación de residentes a entrar para realizar acciones correctivas, de reparación, limpieza o preservación. El TPI hizo claro que las condiciones restrictivas limitaban ese derecho a la compañía o a la asociación. De igual manera concluyo que las alegaciones respecto a la piscina no procedían, porque la apelante no especificó los actos constitutivos de incumplimiento, ni cuando se realizó la construcción. No obstante, hizo la salvedad de que la piscina se construyó en el año 2015 y la apelante no objetó en ese momento. Sobre las alegaciones referentes a los perros, el foro primario entendió que las alegaciones sobre estos eran vagas, porque las condiciones restrictivas permitían a cada dueño tener hasta dos mascotas.

Según el TPI la apelante se limitó a invocar la aplicación de las cláusulas de servidumbre en equidad, pero las alegaciones de la demanda eran insuficientes para probar su violación. Advirtió que la apelante no detalló los daños y resolvió que la doctrina de cosa juzgada no aplicaba en este caso. El foro primario dictó la sentencia apelada en la que desestimó la demanda. Inconforme, la apelante solicitó reconsideración que fue declarada No ha lugar.[3]

---

[3] Véase Sentencia, páginas 17 a 30 del apéndice.

Aun inconforme, la apelante presentó este recurso en el que alegó los errores siguientes.

1) ERRÓ EN DERECHO EL TRIBUNAL DE PRIMERA INSTANCIA AL NO CELEBRAR UNA VISTA EVIDENCIARÍA PARA EVALUAR LOS REQUISITOS SUSTANTIVOS Y PROCESALES PARA VINDICAR LAS SERVIDUMBRES EN EQUIDAD CONSTITUIDAS POR LA URBANIZACIÓN LOMAS DEL SOL MEDIANTE LA ESCRITURA NÚMERO 20 DE 23 DE SEPTIEMBRE DE 2005 DEBIDAMENTE INSCRITAS EN EL REGISTRO DE LA PROPIEDAD.

2) ERRÓ EN DERECHO EL TRIBUNAL DE PRIMERA INSTANCIA, AL DESPOSEER DE LEGITIMACIÓN ACTIVA A LA PARTE DEMANDANTE DEL DERECHO A RECLAMAR DEL DEMANDADO EL CUMPLIMIENTO CON DICHAS CONDICIONES RESTRICTIVAS QUE SON CONSIDERADAS COMO UN CONTRATO DE NATURALEZA REAL ENTRE LAS PARTES.

3) ERRÓ EN DERECHO EL TRIBUNAL DE PRIMERA INSTANCIA, AL CONCLUIR QUE LA CONTROVERSIA PLANTEADA CONSTITUÍA COSA JUZGADA DEBIDO AL TRÁMITE LLEVADO A CABO EN VIRTUD DE LA LEY NÚM.140 DE 23 DE JULIO DE 1974, SEGÚN ENMENDADA CONOCIDA COMO LEY SOBRE CONTROVERSIAS Y ESTADOS PROVISIONALES DE DERECHO.

## II

### La Moción de Desestimación

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, permite al demando solicitar la desestimación de la demanda antes de contestarla. La desestimación procederá, cuando las alegaciones de la demanda evidencien que alguna de las defensas afirmativas prosperará. *Conde Cruz v Resto Rodríguez.* 205 DPR 1043, 1065, (2020). Los tribunales al evaluar una moción de desestimación tienen que dar como ciertos los hechos bien alegados en la demanda y considerarlos de la forma más favorable para la demandante. La desestimación únicamente procederá, si el tribunal tiene certeza de que el demandante no tiene ningún remedio. El tribunal tiene que llegar a esa conclusión, bajo cualquier estado de derecho que la demandante pueda probar en apoyo a su reclamo. Además, el juzgador deberá auscultar, si la demandante no tiene derecho a que se ventile el pleito al amparo del remedio principal o el alternativo.

Luego de este proceder y de un examen pormenorizado, estará en mejor posición para decidir si desestima total o parcialmente la demanda. *Cobra Acquisitions v Mun. de Yabucoa,* 210 DPR 384, 396-397(2022).

Y es que el propósito de las alegaciones es notificar las reclamaciones y defensas de las partes y bosquejar la controversia. Las alegaciones en solicitud de remedios deberán exponer una relación sucinta y sencilla de los hechos demostrativos que establezcan el derecho reclamado. Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V; *Cobra Acquisitions v Mun. de Yabucoa,* supra, pág. 395.

**Las Servidumbres de Equidad y el Injunction**

Las servidumbres de equidad[4] limitan el uso de determinados terrenos e imponen cargas o gravámenes a sus adquirientes que a su vez limitan su derecho propietario. Su propósito es preservar la belleza, comodidad y seguridad residencial. La validez legal de las servidumbres de equidad depende de su inscripción en el Registro de la Propiedad. Su lenguaje tiene que informar a los adquirientes y a terceros, debidamente y sin ambigüedad, lo que está o no permitido realizar. Las condiciones restrictivas son parte inherente del contrato de compraventa. *Ramírez Kurtz v SLG Damiani Torres, 2024 TSPR 97.*

El recurso de injunction está disponible para que los dueños de predios sujetos a servidumbres en equidad puedan hacer efectivos sus derechos e impedir violaciones a las limitaciones impuestas. **No obstante, deberán probar la violación a la servidumbre**. Sin embargo, no es necesario que prueben daños reales o perjuicios sustanciales. *Ramírez Kurtz v SLG Damiani*

---

[4] El Código Civil de 2020 codifica la figura de las servidumbres en equidad y se refiere a estas como "restricciones privadas sobre fincas" toda vez que una vez codificadas dejan de ser una institución basada en la equidad.  No obstante, toda vez que la servidumbre objeto de este recurso se constituyó estando vigente el Código Civil de 1930 nos referiremos a la misma como "servidumbre de equidad."

*Torres, supra*; *Residentes Parkville v. Díaz*, 159 DPR 374, 383 (2003); *Asoc. Vec. Urb. Huyke v. Bco. Santander,* 157 DPR 521, 537 (2002).

El promovente de una demanda de injunction debe demostrar la validez y vigencia de las cláusulas restrictivas. Las servidumbres serán válidas si cumplen con los requisitos siguientes (1) las limitaciones son razonables, (2) son establecidas como parte de un plan general de mejoras, (3) constan específicamente en el título de propiedad y (4) están inscritas en el Registro de Propiedad. Luego de validar la existencia de esos requisitos y constatar la efectividad de la constitución de la servidumbre de equidad, los tribunales deben cerciorarse de que se cumplen los requisitos procesales establecidos en *Asociación de Vecinos de Caparra* 173 DPR 303 (2008). Estos requisitos son los siguientes (1) la naturaleza de los daños que pueden ocasionarse a las partes, (2) la probabilidad de que el proponente prevalezca en los méritos, (3) la probabilidad de que la causa de acción se convierta académica, (4) la posibilidad de impacto sobre el interés público, (5) el tiempo que el peticionario tardó en presentar su reclamo y (6) el efecto del tiempo en los intereses de las partes conforme a lo pactado. *Ramírez Kurtz v SLG Damiani Torres, supra.*

Los criterios señalados en el párrafo anterior son unas guías sobre la discreción de los tribunales para atender un injunction. Mediante estos indicadores, el foro primario procurará garantizar "al reclamante pero no oprimir al demandado o causarle innecesarias dificultades". *Ramírez Kurtz v SLG Damiani Torres, supra.*

### III

La apelante alega que el TPI (1) no debió desestimar la Demanda Enmendada sin realizar una vista evidenciaría, (2) no le reconoció legitimación activa, a pesar de que su reclamo estaba

basado en la protección de las condiciones restrictivas y (3) aplicó incorrectamente la doctrina de cosa juzgada.

Por su parte, el apelado sostiene que el TPI no violó el debido proceso de ley de la apelante, ya que realizó varias vistas para atender las mociones de desestimación. No obstante, aduce que no era necesario realizar una vista, porque la Demanda Enmendada no establece una causa de acción por violación a las condiciones restrictivas. Pabón Ramírez advierte que la apelante se equivoca, cuando alega que el TPI no le reconoció legitimación activa y que aplicó la doctrina de cosa juzgada. Su representación legal argumenta que Rosario Figueroa no detalló los daños sufridos y que su reclamo no impacta el interés público. Por último, sostiene que la apelante se limitó a alegar que violó las cláusulas restrictivas. No obstante, sus alegaciones son insuficientes para probar la violación y justificar el injunction.

Los errores señalados se reducen a determinar, si el foro primario desestimó la demanda incorrectamente. La apelante no tiene razón. El TPI desestimó la demanda correctamente. Aunque fueran ciertas las alegaciones de la demanda, son insuficientes para establecer una causa de acción por violación a las condiciones restrictivas. Los hechos alegados no constituyen una violación a las servidumbres de equidad que permitan a la apelante presentar un injunction.

Rosario Figueroa alega que el TPI violó su derecho al debido proceso de ley, porque desestimó la demanda sin una vista. Sus argumentos no tienen mérito. El foro primario celebró vistas para atender ambas mociones de desestimación. La apelante tuvo la oportunidad de comparecer y presentar sus argumentos. La representación legal de la apelante alegó en la Demanda Enmendada que: (1) el apelado construyó una reja fija en el área de la pared medianera y la ancló a su pared, (2) la instalación de la reja le impide

darle mantenimiento a la pared medianera y al exterior de su propiedad y que (3) el apelado le ocasionó un problema de humedad, porque perforó la pared y colocó unos tiestos y plantas colgantes.

Según la apelante, Pabón Ramírez incumplió con la restricción sexta inciso diecisiete sobre Rejas.[5] Las alegaciones de la demanda no establecen una causa de acción contra el apelado por violar esa restricción. La violación se configura si la reja se instala en la parte exterior, sin la aprobación del Comité de Control Arquitectónico. La aprobación del Comité se circunscribe al diseño, color y los materiales a de la reja a utilizarse. La apelante alegó que se requiere la autorización del Comité de Control Arquitectónico, pero no especificó que el apelado instaló la verja sin su aprobación. Las alegaciones tampoco están relacionadas con el diseño, color y los materiales utilizados. Tal como resolvió el TPI, la apelante tampoco alegó: (1) cuando el apelado instaló la verja, (2) la forma en que pretende darle mantenimiento a la pared medianera y exterior de su propiedad, ni como la reja que instaló el apelado le impide hacerlo y (3) la condición restrictiva que el apelado violentó cuando hizo los rotos en la pared.

La representación legal de la apelante invoca incorrectamente la restricción tercera del párrafo séptimo.[6] Esta establece el derecho de la compañía o la asociación a entrar a los solares o unidades con el propósito de realizar cualquier acción correctiva, reparación, limpieza o preservación necesaria para hacer cumplir las restricciones. La apelante no puede invocar dicha condición restrictiva, para reclamar acceso a la propiedad del apelado, porque ese derecho está limitado a la compañía o la asociación.

Por otro lado, la apelante alegó que el apelado violó la restricción once sobre Animales.[7] La apelante alegó de forma

---

[5] Véase página 59 del apéndice.
[6] Véase página 62 del apéndice.
[7] Véase página 57 del apéndice.

generalizada que el apelado mantiene en su propiedad varios perros. No obstante, no alegó que cometió la conducta restringida. La demanda no contiene alegaciones de que el apelado (1) tiene más de dos perros en su unidad, (2) sus perros son un peligro o molestia para la comunidad, (3) cría los perros para propósitos comerciales, (4) no cumple con la reglamentación sanitaria o de cualquier índole aplicable.

La apelante alega que el apelado tiene una piscina que no cumple con la restricción siete.[8] La alegación es generalizada, porque no expone los hechos que establecen el derecho reclamado. Rosario Figueroa, no alegó que el apelado construyó la piscina sin la aprobación del Comité o que la aprobación no estaba basada en un estudio de suelo, como se establece expresamente en la condición restrictiva.

La representación legal de la apelante argumenta que el TPI aplicó incorrectamente la doctrina de cosa juzgada. Su planteamiento es incorrecto porque el foro primario resolvió que la doctrina de cosa juzgada no aplicaba en este caso. Por último, alega que el TPI no reconoció la legitimación activa de la apelante, para reclamar violaciones a las condiciones restrictivas. La apelante invoca la restricción cuarta del párrafo séptimo, donde se confiere legitimación activa a la compañía y a los dueños para exigir el cumplimiento de las condiciones restrictivas.[9]. No obstante, no puede invocar esta restricción, porque los hechos que alegó en la Demanda Enmendada no constituyen una violación a las Condiciones Restrictivas.

En fin, el foro primario desestimó correctamente la demanda. La apelante no tiene una causa de acción que justifique la concesión de un remedio. El uso del injunction no se justifica, porque las

---

[8] Véase página 56 del apéndice.
[9] Véase páginas 62-63 del apéndice.

alegaciones contra el apelado no establecen que violó las condiciones restrictivas.

IV

Por los fundamentos antes expresados se confirma la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones